## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) Case Number: 1:17-CR-428-LMM-6 |
| | ) USM Number: 75667-112 |
| VLADIMIR MARCELLUS | ) |
| | ) Timothy McCalep |
| | ) Defendant's Attorney |

**THE DEFENDANT:**

The defendant pleaded guilty to count 1 of the Indictment.

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Bank Fraud | October 31, 2017 | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 13, 2018
Date of Imposition of Judgment

*/s/ Leigh Martin May*
Signature of Judge

**LEIGH MARTIN MAY, U. S. DISTRICT JUDGE**
Name and Title of Judge

July 13, 2018
Date

# PROBATION

The defendant is hereby placed on probation for a term of **THREE (3) YEARS** as to count 1 of the Indictment. Additionally, the defendant shall participate in the home confinement detention program for **TWO HUNDRED FORTY (240) DAYS.**

While on probation, Defendant shall not commit another federal, state or local crime, shall comply with the standard conditions that have been adopted by this Court, and shall comply with the following additional conditions:

## MANDATORY CONDITIONS

The defendant shall submit to drug testing if requested to do so by the United States Probation Officer.

Pursuant to 42 U.S.C. Section 14135a(d) and 10 U.S.C. Section 1565(d), which require mandatory DNA testing for Federal Offenders convicted of felony offenses, the defendant shall cooperate in the DNA collection as directed by the probation officer.

The defendant shall not own, possess or have under his control any firearm, dangerous weapon, or other destructive device.

The defendant shall participate in the home confinement detention program for a period of **TWO HUNDRED FORTY (240) DAYS** and abide by all the requirements of the program which will include electronic monitoring or other location verification system. The defendant shall pay all or part of the costs of the program based upon the ability to pay as determined by the probation officer. The defendant shall be restricted to his residence at all times except for employment, education, religious services, medical treatment, substance abuse treatment, or mental health treatment, attorney visits, court appearances, court-ordered obligations or other activities as pre-approved by the probation officer.

The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media,], or office, to a search conducted by a United Sates Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition. The defendant shall permit confiscation/disposal of any material considered contraband or any other item which may be deemed to have evidentiary value related to violations of supervision.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at: www.uscourts.gov.

I understand that a violation of any of these conditions of supervised release may result in modification, extension, or revocation of my term of supervision.

Defendant's Signature _____ Date _____

USPO's Signature _____ Date _____

# CRIMINAL MONETARY PENALTIES

**Special Assessment**

**TOTAL**     $100

**Restitution**

**TOTAL**     $164,995

The restitution shall be paid in full immediately.

The defendant must make restitution to the following payees in the amount listed below. Restitution payments must be made to Clerk, U.S. District Court, Northern District of Georgia, 2211 U.S. Courthouse, 75 Ted Turner Dr. SW, Atlanta, GA 30303. Restitution shall be paid joint and several with co-defendant Giovanni Cartier (1:17-CR-428-LMM-2) in the amount of $164,995.

| Name of Payee | Restitution Ordered |
|---|---|
| Digital Federal Credit Union<br>PO Box 9130<br>Marlborough, MA 01752 | $40,000 |
| NASA Federal Credit Union<br>500 Prince Georges Boulevard<br>Upper Malboro, MD 20774 | $44,998 |
| Navy Federal Credit Union<br>820 Follin Lane<br>Vienna, VA 22180 | $39,998 |
| Northwest Federal Credit Union<br>200 Spring Street<br>Herndon, VA 20170 | $39,999 |
| **TOTAL** | $164,995 |

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

The restitution shall be paid in full immediately. If not paid in full immediately, the defendant shall make restitution payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program. Any portion of the restitution that is not paid in full at the time of the defendant's

release from imprisonment shall become a condition of supervision and be paid at the monthly rate of at least $200, plus 25% of gross income in excess of $2,500 per month.